110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RESOLUTION TRUST CORPORATION, as Conservator for First
Federal Savings and Loan Association, successor-in-interest
to First Federal Savings Bank and Trust, a federal savings
and loan association, Plaintiff-Appellee,
v.
METROPOLE BUILDING LIMITED PARTNERSHIP, a Michigan limited
partnership; Andy Parks; Bessie Parks; James George;
Irene George; Antonia Parks-Mellos; Andrew J. George;
George Parks; Peter Parks; Steve Mellos; and Al Parks,
Defendants-Appellants.
 Nos. 95-2393, 96-1166.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1997.
 
 Before: BATCHELDER and COLE, Circuit Judges; SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants appeal the district court's grant of summary judgment to the plaintiff, the Resolution Trust Corporation (RTC) on this action brought by the RTC to collect on notes on which the defendants are in default. For the reasons that follow, we affirm the judgment of the district court.
 
 
 2
 Defendant Metropole Building Limited Partnership (Metropole) entered into a series of agreements with respect to a $1.3 million loan made by First Federal Savings Bank and Trust (FFST), including a Loan Agreement, Reimbursement Agreement and Real Estate Mortgage and Guaranty Agreement and a line of credit note. The individual defendants, except for defendant Al Parks, executed guaranties by which they guaranteed the payment of that indebtedness. Al Parks executed a Pledge Agreement pledging certain stock as security for the Metropole indebtedness. After Metropole defaulted on its obligations, FFST demanded payment in full from Metropole and the individual defendants. Eventually, the RTC, as Conservator/Receiver of First Federal Savings and Loan Association, the successor in interest to FFST, foreclosed on the mortgage agreement, liquidated certain securities and applied their proceeds to the note. The RTC then instituted this action to collect on the individual guaranties and to obtain release of the pledged stock.
 
 
 3
 The defendants raised as affirmative defenses in their answer to the complaint, claims that the RTC lacked standing to bring the action and that the guaranties were not supported by adequate consideration. The RTC moved for summary judgment, supporting the motion with the instruments of indebtedness and the defendants' responses to the requests for admissions, all of which were properly filed in the case. The defendants timely responded, but presented no evidence, relying instead solely on their answer to the complaint. The district court granted the RTC's motion for summary judgment, and ordered the RTC to submit an itemized and documented affidavit setting forth the precise dollar amount sought. The RTC did so, and the court granted judgment to the RTC in the amount of $2,463,142.49. The defendants timely appealed.
 
 
 4
 The defendants claim in this appeal that because the RTC did not present evidence refuting the defendants' affirmative defenses, the district court erred in granting the RTC's motion for summary judgment on the issue of liability. Defendants apparently fail to comprehend the well-settled law regarding proceedings on motions for summary judgment. Of the Supreme Court's trilogy of cases clarifying what FED.R.CIV.P. 56 requires, the one most pertinent here is Celotex Corp. v. Catrett, 477 U.S. 317 (1986). That case holds that the party against whom the motion is made and who will bear the burden of proof at trial on a dispositive issue, must go beyond the pleadings in the case and provide evidence designating specific facts showing that there is a genuine issue for trial. Id. at 324. Here, the defendants would bear the burden of proof at trial on their affirmative defense of inadequate consideration, which, if proven, would be dispositive.[1]
 
 
 5
 Defendants raised their affirmative defenses in their answer to the complaint, but did not present a single piece of evidence to the district court in opposition to the motion for summary judgment. They argue here that "Plaintiff made no evidentiary showing that the affirmative defenses raised by Defendants lacked merit. Defendants, therefore, could not be required by the Court to produce any evidence when its allegations went unchallenged by Plaintiff." But Celotex held that there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials nagating the opponent's claim." Id. at 323 (emphasis in the orginal). Appellants cite no authority whatever (which is not surprising since there is none) in support of their claim that because in this case the moving party is the plaintiff, the rules are different. Appellants have provided no evidence that there is any substance to their affirmative defenses. The responses to requests for admissions on file in the case leave no room for any doubt that there is no genuine issue of fact as to the guaranties, and the claim that the RTC lacks standing to bring this action is facially frivolous. The district court was entirely justified in granting summary judgment on the issue of liability.
 
 
 6
 The defendants presented no evidence whatsoever that the guaranties at issue here were limited in their scope, and the language on the face of the documents clearly indicates that the guaranties were unconditional. It was therefore unnecessary for the district court to address the merits of that claimed defense. However, the district court undertook to do so, and we find no error in the court's analysis of the law. Therefore, we hold that summary judgment on the issue of liability was appropriately granted for that reason as well.
 
 
 7
 Finally, Appellants provided no evidence whatsoever to dispute the RTC's evidence, provided pursuant to the court's order granting summary judgment, establishing the amount of the indebtedness and the rate of interest. The district court did not err in entering judgment for that amount.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Defendants' affirmative defense that the RTC lacks standing to bring this action is based on defendants' claim that the RTC's "takeover of First Federal Savings Bank & Trust was improper and unlawful" and that the RTC was therefore not a proper party. Defendants lack standing to raise such a claim. The RTC has properly pled that it is an agency of the United States, as established under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRRA) as codified at 12 U.S.C. § 1441a. and that it was appointed conservator of First Federal Savings and Loan Association, to which the assets of FFST had been transferred pursuant to statute. The appointment of conservators and receivers, and judicial review of such appointments is governed by 12 U.S.C.A. § 1464(d)(2) (West Supp.1996); 12 U.S.C.A. § 1464(d)(2)(D) (West Supp.1996) limits the jurisdiction of any court to remove any conservator or receiver except as specifically provided in subsection 1464(d)(2). Persons in the position of the defendants here are nowhere mentioned in that subsection. See, e.g., 12 U.S.C.A. § 1464(d)(2)(B) (West Supp.1996)